OPINION
{¶ 1} On September 16, 2002, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of Jesus (J.C.) Hines born February 12, 1993, Harry Hines born March 27, 1994, and Mario Hines born March 18, 1996, alleging the children to be neglected and dependent. Mother of the children is Starlette Blunt; father is appellant, Jeffrey Hines. An adjudicatory hearing was held on October 16, 2002. The parents entered an admission to dependency and the children remained in appellee's temporary custody. Appellant was granted supervised visitation.
 {¶ 2} A dispositional hearing was held on October 31, 2002. The parents were ordered to comply with the case plan. Custody and visitation remained the same.
 {¶ 3} On August 3, 2004, appellee filed a motion for permanent custody. A hearing was held on October 28, 2004. By judgment entry filed November 3, 2004, the trial court granted appellee permanent custody of the children.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in determining that the tuscarawas county job and family services made reasonable efforts to reunite appellant hines with his children pursuant to revised code 2151.419(a)(1)."
 I {¶ 6} Appellant claims the trial court erred in finding appellee made reasonable efforts to reunite him and his children. We disagree.
 {¶ 7} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758.
 {¶ 8} R.C. 2151.419 governs hearings on efforts of agencies to prevent removal of children from homes. Subsection (A)(1) states the following:
 {¶ 9} "Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts."
 {¶ 10} The gravamen of appellant's claim is that appellee did not involve him in counseling that would have helped him in understanding his children's emotional and mental health needs. Appellant argues this type of counseling should have been included in the case plan.
 {¶ 11} As the trial court, the guardian ad litem and all counsel at the hearing admitted, the three children have various mental health problems and are challenging children to nurture and raise. The record is replete with the diagnosis of each child and the efforts made to seek continued help for them. T. at 43-50. At the time of the hearing, two of the children were in a therapeutic foster home because a regular foster home was unable to manage them. T. at 10-11. In fact, placement of the children together is not possible. T. at 15.
 {¶ 12} Despite appellant's claim that further counseling should have been offered to him, his history of failing to understand the complexity of caring for the children demonstrates he is resistive to counseling. T. at 196-197. Appellant believed there were no problems with two of the boys when he had custody. T. at 178. Appellant repeatedly refused further help and told the counselor there were no problems with the boys. T. at 197. It is this "head in the sand" approach to parenting that initiated the original filing.[1]
 {¶ 13} No one denies that appellant loves his children and cared for them by himself for six years. Although he substantially fulfilled the case plan, it was clearly not enough. All the witnesses agree long term therapeutic care is necessary for Harry, and appellant's interaction with Jesus and Mario is not sufficient to deal with their problems. T. at 14-15, 48-49. When you couple these facts with the fact that the children have not been able to be placed together in a foster home because of their unmanageable behavior, plus Harry's need for hospitalization and professional placement, we find competent, credible evidence to support the trial court's finding that appellee met its burden.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Court Division is hereby affirmed.
Farmer, J. Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Court Division is affirmed.
[1] The original filing was based on the home environment and leaving the children home alone.